**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-00125-001-TUC-SHR (EJM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jaymes Havier, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 79) issued by United States Magistrate Judge Eric J. Markovich, recommending the Court find Defendant Jaymes Havier remains incompetent to stand trial notwithstanding substantial efforts to restore him to competency. The government has filed an Objection (Doc. 83) and Defendant has filed a Response (Doc. 84). For the following reasons, the Court will adopt the R&R and refer this matter back to the Magistrate Judge for a recommendation regarding whether Defendant can be restored to competency through further restoration efforts.

## I.      Standard of Review

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).  However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").  If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shinn*, No. CV 20-322-TUC-JAS (EJM), 2023 WL 6248830, at *2 n.5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).  District courts "conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."  *United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

## II.     Background

The R&R provides a detailed recitation of the factual and procedural history in this matter. (Doc. 79.)  The government does not object to, and the Court adopts, the facts set forth in the R&R.  Defendant was charged in February 2023 with second degree murder. Defense counsel requested Dr. Barry Morenz conduct a competency evaluation of Defendant.  Dr. Morenz issued a report opining Defendant is not competent to stand trial. Based on Dr. Morenz's evaluation, the parties stipulated Defendant was not competent. The Court entered an Order of Commitment directing Defendant be committed to the custody of the Attorney General to be hospitalized in an in-patient competency restoration program in a Bureau of Prisons (BOP) medical facility for a reasonable time period, not to exceed four months.  The Court subsequently entered an Order of Continued Commitment extending the commitment period for forty-five days.  After completing that program, Dr. Nicole Osborn opined Defendant had been restored to competency.   Dr. Morenz

subsequently conducted another evaluation of Defendant and opined he remains incompetent to stand trial.

The Court held a competency hearing in September 2025, at which Dr. Osborn and Dr. Morenz testified. In January 2026, Magistrate Judge Eric J. Markovich issued the instant R&R concluding the government had not met its burden of showing Defendant understands the nature and consequences of the proceedings against him or can assist his attorney in his defense and recommending the Court find Defendant remains incompetent to stand trial. (Doc. 79.) The R&R does not conclude whether Defendant may be restored to competency through further restoration attempts.

### III.    Discussion

In concluding Defendant remains incompetent to stand trial, the Magistrate Judge assigned "more weight" to Dr. Morenz's expert testimony than Dr. Osborn's testimony because Dr. Morenz "has far more experience than Dr. Osborn," Dr. Morenz was "in a better position to assess" Defendant's "ability to retain legal concepts" he learned during his initial restoration program, and "Dr. Osborn did not provide adequate support for her opinions that the defendant understands the proceedings and can assist counsel." (Doc. 79 at 42–46.) The crux of the government's Objection is the Magistrate Judge erred in assigning greater weight to Dr. Morenz's expert testimony than Dr. Osborn's testimony. According to the government, it "defies common sense" to assign Dr. Morenz's opinion more weight when Dr. Osborn "assessed the defendant for four months," whereas Dr. Morenz only "sat down" with Defendant for "90 minutes." (Doc. 83 at 4.) The government further asserts Dr. Osborn's report is "replete with 25 pages of observations and analysis" whereas Dr. Morenz's report "consists of a paltry two pages of actual competency analysis." (*Id.*)

The Magistrate Judge extensively cites the testimony provided and thoroughly explains why he assigned more weight to Dr. Morenz's opinion when considering the doctors' divergent opinions. (Doc. 79 at 42.) As stated in the R&R, Dr. Morenz "has conducted over 1,000 competency evaluations" whereas Dr. Osborn has conducted approximately 50 evaluations. (*Id.*) Further, unlike Dr. Osborn, "Dr. Morenz evaluated

the defendant before and after he went through the competency restoration program." (*Id.* at 42–43.)  The Magistrate Judge additionally addressed numerous inconsistencies in Dr. Osborn's testimony before assigning more weight to Dr. Morenz's testimony.  (*Id.* at 43–46.)  Assigning greater weight and credibility to one expert over another is within the province of the Magistrate Judge and, having reviewed the record, the Court agrees with the R&R's conclusion Dr. Morenz's opinion is more credible.  *See United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *United States v. Landeros-Vargas*, 39 F. App'x 501, 503 (9th Cir. 2002) (stating it is within the district court's discretion in the performance of its fact-finding and credibility functions to assign greater weight to the findings of one expert over another's).

The government further asserts the Magistrate Judge disregarded the depth of Dr. Osborn's report and focused solely on testimony presented at the competency hearing. (Doc. 83 at 5.)  As previously discussed, Dr. Morenz evaluated Defendant both prior to and following Defendant's time in a restoration program.  The Court finds Dr. Morenz was better suited to assess Defendant's retention of legal concepts when conducting the examination that served as the basis for his most recent report.  Accordingly, regardless of the depth of either report, Dr. Morenz's report is more credible than Dr. Osborn's.  The Court will adopt the R&R and find Defendant remains incompetent to stand trial.

As to next steps, the government asks the Court to order Defendant "be sent back to a BOP-medical facility for re-restoration to competency."  (Doc. 83 at 3.)  Defendant, in reply, asserts he "spent four months in restoration and ample time thereafter with . . . counsel attempting to re-educate him" and there is thus "nothing to support a substantial probability [he] will be competent in the foreseeable future, warranting a second referral to a BOP restoration facility."  (Doc. 84 at 10 (citing *U.S. v. Loughner*, 672 F.3d 731, 766-772 (9th Cir. 2012).)  The Court has already found Defendant incompetent to stand trial and committed him to a BOP medical facility for over four months.  Therefore, at this point, the Court will only commit Defendant "for an additional reasonable period of time . . . if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward."  18 U.S.C.

§ 4241(d)(2); *see also Jackson v. Indiana*, 406 U.S. 715, 738 (1972).  The Court will refer the matter back to the Magistrate Judge for a recommendation on this issue.  The Magistrate Judge may make a recommendation based on the existing record or order further briefing from the parties and conduct further hearings as necessary.  Accordingly,

**IT IS ORDERED** the R&R (Doc. 79) is **ADOPTED**.

**IT IS FURTHER ORDERED** this matter is referred to Magistrate Judge Eric J. Markovich for a recommendation as to whether further attempts at restoration should be pursued.

Dated this 8th day of June, 2026.

Honorable Scott H. Rash
United States District Judge

- 5 -